# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Nathaniel Gold, #50634, | ) | Civil Action No.: 5:18-cv-02996-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| The State of South Carolina, in their official capacity; Theodore Lupton, 1st Judicial Cir. Ass. Solicitor, in their individual capacity; Mitchel E. Farley, Attorney at Law, in their individual capacity; Breen R. Stevens, in their individual capacity; and Nicholas McCarley, 2nd Judicial Public Defender, in their individual capacity, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Nathaniel Gold, proceeding *pro se* and *in forma pauperis*, filed this action alleging claims under 42 U.S.C. § 1983 against the State of South Carolina, First Judicial Circuit Assistant Solicitor Theodore Lupton ("Lupton"), attorney Mitchell E. Farley ("Farley"), attorney Breen R. Stevens ("Stevens"), and Second Judicial Circuit Public Defender Nicholas McCarley ("McCarley"). This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on November 29, 2018 (ECF No. 13), which recommends the court dismiss Plaintiff's Complaint (ECF No. 1) without prejudice and without issuance and service of process. Plaintiff filed timely objections (ECF No. 15) to the Report which the court considers herein. For the reasons set forth below, the court **ACCEPTS** the Report and Recommendation (ECF No. 13) and **DISMISSES** the Complaint (ECF No. 1) without prejudice.

1

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. Plaintiff alleges that Lupton, as Assistant Solicitor for the First Judicial Circuit, and Farley, as Plaintiff's defense attorney, improperly charged him with intimidation of a court official for spitting on Lupton during a hearing to relieve Farley as Plaintiff's court appointed counsel. (ECF No. 1 at 6.) Plaintiff contends he was sentenced to six months for criminal contempt for this act. (*Id.*) Plaintiff also claims Lupton incorrectly informed the South Carolina Department of Corrections that Plaintiff should not receive full credit for his time served and that Lupton directed a deputy to arrest him on a non-active bench warrant. (*Id.*)

Plaintiff further argues that Stevens, as Plaintiff's court appointed public defender, was intentionally ineffective in representing Plaintiff and intentionally misinformed Plaintiff by falsely stating Plaintiff's intimidation charges had been dropped at a preliminary hearing that never occurred. (*Id.* at 7.) Plaintiff states that when Stevens withdrew as counsel, McCarley claimed he had been appointed to represent Plaintiff. (*Id.* at 8.) Plaintiff asserts that McCarley refused to diligently represent Plaintiff by failing to file motions to resolve his unlawful detention. (*Id.*)

Finally, Plaintiff alleges that the State of South Carolina and state officials have and continue to intentionally deprive him of his civil and constitutional rights. (*Id.* at 9.) Plaintiff claims state officials have deprived him of his freedom, life, liberty, and due process by legal malpractice, malicious prosecution, disinformation, slander, and deprivation of a speedy trial. (*Id.*)

## II.     LEGAL STANDARD

A.     <u>The Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

B.  Review of *Pro Se* Filings under 28 U.S.C. § 1915

Plaintiff brings this action under 28 U.S.C. § 1915, the in *forma pauperis* statute. As such, the court may dismiss this case if the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(ii). "This standard encompasses complaints that are either legally or factually baseless." *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (emphasis in original). As a *pro se* litigant, the plaintiff's pleadings, while accorded liberal construction and held to a less stringent standard than pleadings drafted by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), must nevertheless allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F2d 387, 391 (4th Cir. 1990). In other words, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller*, 901 F.2d at 391.

### III.  ANALYSIS

The Magistrate Judge recommends the court dismiss this action without prejudice and without issuance and service of process. (ECF No. 13 at 2.) Specifically, the Report explains that the Eleventh Amendment bars suits by citizens against non-consenting states. (*Id.* at 4 (citing

3

*Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)).) As such, Plaintiff has failed to state a viable claim against the State of South Carolina. (*Id.* at 5.) Next, the Report states that "[b]ecause Plaintiff sues Lupton for actions associated with judicial proceedings, his claims against Lupton are barred by prosecutorial immunity." (*Id.*) As to Stevens and McCarley, the Report explains that criminal defense attorneys do not act "under color of state law, which is a jurisdictional requirement for any civil action brought under § 1983." (*Id.* at 6 (citing *Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–9, 12–14 (1981)).) Finally, the Report notes that the Complaint "contains insufficient factual allegations of constitutional wrongdoing or discriminatory actions attributable to Farley and Lupton." (*Id.* at 6–7.) The Report concludes that:

> Plaintiff cannot cure the deficiencies of his complaint by amendment. The allegations in Plaintiff's complaint fail to establish any viable ground for federal subject matter jurisdiction. The essential allegations in Plaintiff's complaint fail to name individuals who are amenable to suit under § 1983. Plaintiff has also failed to allege sufficient facts to establish a violation of the Constitution or any federal law or demonstrate complete diversity of citizenship.[] Accordingly, any amendment would be futile.

(Id. at 7.)

Turning to Plaintiff's objections (ECF No. 15), the court finds they merely restate the allegations asserted in the Complaint (ECF No. 1). "The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano*, 687 F.2d at 47; *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The court finds Plaintiff has only offered general objections to the recommendation of the Magistrate Judge. As the Magistrate Judge properly considered and addressed each of Plaintiff's claims, the court adopts the recommendations in the Report. (ECF No. 13.)

## IV.    CONCLUSION

Based upon the foregoing, the court **ACCEPTS** the Report and Recommendation (ECF No. 13) and **DISMISSES** the Complaint (ECF No. 1) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 20, 2021
Columbia, South Carolina